# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO, | Case No. 1:20-cv-01712-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| KERN VALLEY STATE PRISON, *et al.*, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| Defendants. | |
| | (ECF No. 2) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff William Soto ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on December 4, 2020, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court Cases: (1) Soto v. Cal. Dep't of

1

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In his complaint, Plaintiff alleges that he is being denied medical treatment because he has requested to be added to the medication Surboxin based on his history of heroin abusive behavior, but has been waiting for over 6 months for a doctor's appointment. (ECF No. 1, p. 3.) Plaintiff alleges that because he is being denied medical treatment his life is in jeopardy of overdosing every day. (Id. at 5.)

The Court does not find that the delay in Plaintiff's medical appointment will lead to imminent danger of serious physical injury at the time of the filing of the complaint. By Plaintiff's own admission, he has been awaiting this specific treatment and appointment for the past six months. It is also unclear based on Plaintiff's conclusory allegations how he is in jeopardy of overdosing during his incarceration, that Plaintiff will be prescribed the specific medication requested, or that the specific medication would prevent such an overdose from occurring. Therefore, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

---

Corrs. & Rehab, Case No. 2:07-cv-00155-GEB-CMK (E.D. Cal.) (dismissed March 30, 2007 for failure to state a claim); (2) Soto v. Cal. Dep't of Corrs., Case No. 2:06-cv-01476-LKK-DAD (E.D. Cal.) (dismissed May 8, 2007 as legally frivolous and for failure to state a claim); (3) Soto v. CA Dep't of Corrs., Case No. 2:07-cv-01908-FCD-EFB (E.D. Cal.) (dismissed August 12, 2008 for failure to state a claim); (4) Soto v. Cal. Dep't of Corrs., Case No. 2:07-cv-01777-JAM-KJM (E.D. Cal.) (dismissed October 9, 2008 for failure to state a claim following failure to file an amended complaint in response to a screening order dismissing complaint for failure to state a claim); (5) Soto v. Jordan, Case No. 2:08-cv-02687-LKK-GGH (E.D. Cal.) (dismissed February 20, 2009 for failure to state a claim); (6) Soto v. San Quentin State Prison, Case No. 3:11-cv-05023-SI (N.D. Cal.) (dismissed May 19, 2012 for failure to state a claim following failure to file an amended complaint in response to a screening order dismissing complaint for failure to state a claim).
    See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 7, 2020**           /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE

3